STAUFFER CHEMICAL COMPANY, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant.

No. 70 Civ. 4016.

United States District Court, S. D. New York.

Nov. 5, 1973.

————◆————

Hart & Hume, New York City, for plaintiff; Jack Hart, Cecil Holland, Jr., New York City, of counsel.

D'Amato, Costello & Shea, New York City, for defendant; Mortimer C. Shea, New York City, of counsel.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

This is an action by Stauffer Chemical Company (hereinafter "Stauffer") seeking recovery under a Blanket Liability Policy issued to Stauffer by defendant, Insurance Company of North America (hereinafter "INA"). Upon an agreed statement of facts, Stauffer has made a motion for summary judgment on the issue of defendant's liability and, INA has made a cross motion for summary judgment dismissing the complaint.

This action is in many respects similar to a companion action filed at the same time by Stauffer against INA, which was also before this court. Stauffer Chemical Co. v. Insurance Co. of North America, 372 F.Supp. 1303 (S. D.N.Y., November 5, 1973). Although the facts of the two cases are different, the material terms of the insurance policies involved in both actions are identical and the legal issues raised are the same.

From the stipulated facts in this action it appears that Stauffer manufactured a product known as Thuricide 90 TS, which was designed to protect lettuce crops from a pest known as corn earworm. In reliance upon Stauffer's representations that Thuricide 90 TS would control corn earworm, various third parties (hereinafter "claimants") purchased quantities of the product in the summer and fall of 1965 and applied it to their lettuce crops in accordance with Stauffer's instructions. Such application of the product by claimants proved ineffectual, as substantial damage, caused by corn earworm, resulted to claimants' lettuce crops. In November 1965 the claimants made claims against Stauffer for which an action was ultimately commenced in the United States District Court, District of New Jersey, in July 1967. The complaint in the New Jersey action alleged negligence or breach of warranty in Stauffer's representing that Thuricide 90 TS would control corn earworm. An identical complaint was filed by other claimants in August 1967 in the Superior Court of New Jersey, Law Division, Cumberland County.

Between the time the claims were first made against Stauffer and the time the New Jersey suits were instituted, Stauffer gave written notice of the claims to INA pursuant to the terms of a Blanket Liability Policy issued to Stauffer by INA covering the period January 1, 1965 to January 1, 1966. After the commencement of the New Jersey actions, also in compliance with the terms of the Blanket Liability Policy, Stauffer forwarded copies of the summonses and complaints in those actions to INA. INA refused to defend the New Jersey actions, denying coverage of the claims. Said refusal was grounded upon INA's contention that its Blanket Liability Policy did not apply to liability which arose out of the inefficacy of Stauffer's products or the failure of those products to perform as represented. Stauffer thereupon defended the New Jersey actions with its own retained attorneys and settled the actions prior to trial.

Upon the stipulated statement of facts, as summarized above, the parties to this action have presented two issues to this court for determination: (1) whether the Blanket Liability Policy afforded coverage to Stauffer for amounts reasonably paid in settlement of the New Jersey claims; and, (2) whether INA is liable to Stauffer for reasonable amounts paid by Stauffer for attorneys' fees and disbursements incurred in the defense of the New Jersey claims.

■■ For the reasons stated in the companion action, Stauffer Chemical Co. v. Insurance Co. of N. America, 372 F. Supp. 1303 (S.D.N.Y., Nov. 5, 1973), we conclude as follows: (1) the Blanket Liability Policy did afford coverage to Stauffer for amounts reasonably paid in settlement of the New Jersey claims;

and, (2) INA is liable to Stauffer for reasonable amounts paid by Stauffer for attorneys' fees and disbursements incurred in the defense of the New Jersey claims.

Accordingly, the motion for summary judgment is granted, and the cross motion to dismiss the complaint is denied.

So ordered.